Filed 9/28/16  P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CEDRIC CHESTER JOHNSON,<br><br>    Defendant and Appellant. | H041579<br>(Monterey County<br>Super. Ct. No. SS131701A) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CEDRIC CHESTER JOHNSON,<br><br>    Defendant and Appellant. | H042761<br>(Monterey County<br>Super. Ct. Nos. SS150250A,<br>SS150256A, SS150683A) |

**I.  INTRODUCTION**

Defendant Cedric Chester Johnson appeals from final judgments related to four criminal actions.  Appointed counsel filed an opening brief summarizing the cases but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant responded by filing a supplemental brief.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the appellate records in their entirety and find no

arguable issues on appeal. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case[s], the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.) We discuss defendant's contentions and explain why we will affirm the judgments. (*Ibid.*)

## II. DISCUSSION

### A. H041579

Defendant was charged with assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c)), with two prior prison terms (§ 667.5, subd. (b)).[1] According to the preliminary hearing transcript, in August 2013 officers were dispatched to a residence to respond to a possible restraining order violation. Defendant, who was leaving the scene as the officers arrived, "slightly struck" an officer in the knee with his car travelling about five to eight miles per hour.

In May 2014, the information was orally amended to add a misdemeanor count of being an accessory to battery on a peace officer (§§ 32, 245, subd. (c)). Defendant pleaded no contest to that charge. Imposition of sentence was suspended and defendant was placed on three years' conditional probation. The court imposed a base fine and penalty assessments totaling $250[2] (§ 672), a $150 restitution fund fine (§ 1202.4, subd. (b)), a suspended $150 probation revocation fine (§ 1202.44), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal indicating a challenge to the sentence or other matters occurring after the plea.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The reporter's transcript notes a "$260 fine that includes penalties and assessments." The clerk's minutes indicate a "fine of $250." To the extent there is disagreement as to the figure, we adopt the minutes, as it appears to inure to defendant's benefit.

2

**B. H042761**

**1. Superior Court Case No. SS150256A**

In January 2015, defendant physically injured his girlfriend of seven months (Doe) during an argument at his residence. Doe testified at the preliminary hearing in March 2015 that defendant head butted her, grabbed her, threw her to the floor, and hit her face with a clenched fist. When Doe tried to leave, defendant blocked the door and pushed her away. Defendant finally opened the door and pushed her out. Doe sustained a knot on her head and lacerations under her eye. Defendant was charged with felony corporal injury to a spouse or cohabitant with a prior conviction (§ 273.5, subds. (a), (f); count 1), and felony false imprisonment (§ 236; count 2). The information alleged two prior prison terms (§ 667.5, subd. (b)).

**2. Superior Court Case No. SS150250A**

According to the probation report, in February 2015 police initiated a traffic stop on defendant's vehicle after receiving a tip that defendant, who was on probation, was using and possibly selling drugs, and had been involved in a domestic violence incident. Defendant resisted an officer's attempt to restrain him, hitting the officer in the face and walking away. Defendant aggressively resisted arrest. It took four officers to handcuff him, and one officer fell to the ground injuring his knee during the struggle. Defendant was found in possession of .6 grams of methamphetamine and 7.2 grams of marijuana. Defendant's passenger (Doe) gave the police a bag containing 27.1 grams of methamphetamine when asked whether defendant had given her anything to hide during the traffic stop.

A probation search of defendant's home uncovered a digital scale with what appeared to be traces of methamphetamine, glass smoking pipes, and a laptop computer reported stolen. Police found several small baggies near 77 grams of marijuana, suggesting that the marijuana was being prepared for sale. Neighbors informed the officers searching the residence that there had been constant pedestrian traffic in and out

3

of defendant's home day and night, and text messages on defendant's phone suggested defendant was selling methamphetamine.

Defendant was charged with felony counts of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1), possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 2), possession of marijuana for sale (Health & Saf. Code, § 11359; count 3), receiving stolen property (§ 496, subd. (a); count 4), and misdemeanor counts of battery on a peace officer (§ 243, subd. (b); count 5) and resisting an officer (§ 148, subd. (a)(1); count 6). The complaint also alleged two prior prison terms. (§ 667.5, subd. (b).)

### 3. Superior Court Case No. SS150683A

According to the probation report, 11 days after the preliminary hearing in case No. SS150256A, Doe reported to police that she had received several letters from defendant, who was in custody at the county jail. The letters contained threatening remarks, causing Doe to fear for her safety and the safety of her daughter. Doe also reported having received phone calls from strangers asking her to put money in defendant's account at the jail. Defendant was charged with felony counts of making criminal threats (§ 422, subd. (b); count 1), stalking (§ 646.9, subd. (b); count 2), dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2); count 3), and six misdemeanor counts of violating a criminal protective order (§ 166, subd. (c)(1); counts 4–9).

### 4. Motions and Disposition

A *Marsden*[3] motion was heard and denied on March 27, 2015. On May 12, counsel was relieved and new counsel was appointed. A second *Marsden* motion was heard and denied on June 9. Shortly thereafter, defendant's attorney declared a conflict and new counsel was appointed.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

4

On June 25, 2015, after the cases were consolidated for trial, defendant entered a negotiated disposition for a four-year prison term in case No. SS150256A consecutive to a two-year prison term in case No. SS150683A and concurrent to all other sentences. In case No. SS150256A defendant pleaded no contest to count 1 (corporal injury to a spouse or cohabitant with a prior domestic violence battery conviction); in case No. SS150683A defendant pleaded no contest to count 3 (dissuading a witness); and in case No. SS150250A defendant pleaded no contest to count 1 (transporting a controlled substance), count 5 (battery on a peace officer), and count 6 (resisting a peace officer).

On August 6, 2015, defendant filed a motion to withdraw his pleas. According to trial counsel's affidavit supporting the motion, on July 3 defendant informed counsel that he wished to withdraw his pleas. Counsel then reviewed the court reporter's transcripts from February 24 and discovered that "the preliminary hearing [in case No. SS150250A] was waived in order to keep a concurrent offer of an HS 11379 [count 1] and PC 148 [count 6] open." In addition to counts 1 and 6, the prosecutor's global offer included a plea to count 5. Defendant argued that his pleas were subject to withdrawal because (1) counsel rendered ineffective assistance by advising him to accept the global offer while unaware of the February 24 agreement, and (2) the district attorney failed to abide by the agreement. That motion was denied.

The court heard and denied further *Marsden* motions on August 19 and on August 27, after it denied defendant's motion to withdraw his pleas.

Defendant was sentenced to the middle term of four years on count 1 in case No. SS150256A; the middle term of two years on count 2 in case No. SS150683A consecutive to case No. SS150256A; and the middle term of three years on count 1, with concurrent 180-day sentences on counts 5 and 6 in case No SS150250A concurrent with case Nos. SS150256A and SS150683A. The remaining charges and allegations were dismissed.

5

The court imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373) for each conviction, and a $300 restitution fund fine (§ 1202.4, subd. (b)) with a suspended $300 restitution fund fine (§ 1202.45) for each felony conviction. In case No. SS150256A, the court issued an order under section 273.5, subdivision (j), restraining defendant from any contact with Doe for 10 years.[4] In case No. SS150250A, the court imposed a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5), a $50 drug program fee (Health & Saf. Code, § 11372.7), and related penalty assessments. In case Nos. SS150250A and SS150256A, the court ordered victim restitution in an amount to be determined (§ 1202.4).

## C.    Defendant's Supplemental Brief

Defendant argues that his plea was not voluntary or intelligent because his attorney was unaware that the prosecutor had agreed to keep a plea offer open in case No. SS150250A to a concurrent sentence for count 1 (transportation of methamphetamine) and count 6 (resisting an officer) in exchange for his waiver of a preliminary hearing in that case. He argues that counsel was ineffective and was "unable to properly inform [defendant] of the benefits and detriments of accepting [the] new offer" to which he pleaded.

The appellate issues raised by defendant arise after his no contest pleas and therefore require a certificate of probable cause. (§ 1237.5; *People v. Johnson* (2009) 47 Cal.4th 668, 676–680.) Defendant filed a notice of appeal in pro per. In support of his request for a probable cause certificate, he alleged speedy trial violations and charging

_____

[4] In case No. SS150256A, the trial court also imposed a $500 domestic violence fee under section 1203.097. That fee was imposed in error because section 1203.097 authorizes the fee as a condition of probation and defendant was not placed on probation. At the request of appellate counsel, the trial court issued a corrected minute order in March 2016 removing that fee. We have granted defendant's request for judicial notice of that order.

6

delay, that his drug offense was wrongly charged as a felony, and that he had wanted to go to trial on the domestic violence offense because the victim confessed that he never slapped her. The trial court denied that request. Trial counsel also filed a notice of appeal supported by a request for a certificate of probable cause on the following grounds: "Denial of motion to withdraw plea based on prosecution failure to abide by preliminary hearing waiver offer in case No. SS150250A. [Defendant] plead to an additional charge outside of the waiver offer and wants to withdraw pleas in all cases based on that breach of agreement as this was a global disposition." The trial court denied that request, and appellate counsel filed a petition for a writ of mandate in this court challenging that denial. (*Johnson v. Superior Court*, case No. H042948.) This court denied that petition on December 17, 2015. That order is final and not subject to reconsideration here. Defendant's failure to secure a certificate of probable cause bars consideration of his challenges. (*People v. Shelton* (2006) 37 Cal.4th 759, 771.)

### III. DISPOSITION

The judgments are affirmed. We dispose of defendant's related petition for writ of habeas corpus in case No. H043827 by separate order filed today.

7

_____
Grover, J.

**WE CONCUR:**


_____
Rushing, P.J.


_____
Walsh, J.[*]


*People v Johnson*
H041579 and H042761

_____

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.